Beth K. Findsen (SBN: 023205)
**PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5575
E: beth@pricelawgroup.com

Chuck Panzarella, Esq. (SBN: 018552)
**CONSUMER ACTION LAW GROUP**
**Panzarella & Associates, PC**
One South Church Avenue, Suite 1200
Tucson, AZ 85701
(818) 254 -8413
Chuck@calgroup.org
T: (818) 254-8413
E: Chuck@calgroup.org
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRCIT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mason Rodriguez<br><br>  Plaintiff,<br><br>vs.<br><br>Bell Ford, Inc.<br><br>  Defendant. | Case No.  2:20-at-99903<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL:**<br><br>1. Arizona Consumer Fraud Act, A.R.S. §§ 44-1522 to 44-1534<br>2. Negligent Misrepresentation<br>3. Fraudulent Misrepresentation<br>4. Breach of Implied Warranty, A.R.S. §§ 47-2314, *et al*<br>5. Breach of Express Warranty, A.R.S §§ 47-2313, *et al.*<br>6. Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. ch. 50 § 2301, *et seq*. |

## INTRODUCTION

1. Plaintiff, Mason Rodriguez ("Rodriguez" or "Plaintiff") through his attorneys, alleges the following against Bell Ford, Inc. ("Ford").

2. Ford, as a matter of practice and policy, misrepresents the condition of its vehicles by failing to fully and accurately disclose the condition of its vehicles to its customers at the time of the sale.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Mason Rodriguez is a natural person residing in Las Vegas, NV.

4. Defendant Ford is an auto dealer registered with the State of Arizona, with its principal place of business located at 2401 W. Bell Rd., Phoenix, AZ 85023.

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1331; 15 U.S.C. § 2301.

6. This Court has supplemental jurisdiction over Plaintiff's Arizona state law claims pursuant to 18 U.S.C. § 1367 in that they form part of the same case and controversy as Plaintiff's claim under federal statute.

7. Defendant transacts business in the State of Arizona; therefore, personal jurisdiction is established.

8. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. Venue is established. 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9. On or about December 7, 2018, Plaintiff drove from his home in Las Vegas, Nevada

to Arizona to purchase a 2016 Ford F-250 ("Ford" or "Vehicle") (VIN: 1FTW2BT9GEC00663) from Defendant Bell Ford, Inc.

10. Plaintiff's decision to make the inter-state trip was based primarily upon Defendant's advertising of the Vehicle as Certified Pre-Owned.

11. During Plaintiff's test drive of the Vehicle, Plaintiff discovered that the Vehicle chronically pulled to the right during operation as a result of poor alignment. As part of the negotiations for the purchase of the Vehicle, Defendant wrote Plaintiff a work order to for a realignment.

12. Plaintiff purchased the Vehicle as a "Certified Pre-Owned" from the Defendant with a total sale price of $72,786, with 84 monthly payments of $866.50.

13. According to Defendant's own forms, Certified Pre-Owned vehicles are entitled to "repair or replacement of covered components on the vehicle during the warranty period."

14. Following the completion of the transaction, Plaintiff drove his Certified Pre-Owned Vehicle back to Las Vegas.

15. Per the contractual agreement with Defendant, Plaintiff took the Vehicle to nonparty Arrow Alignment in Las Vegas on March 11, 2019 for realignment.

16. At the time of the repair, the service technician discovered that in addition to the poor alignment, the Vehicle's "Drag Link" or "Track bar" was also faulty.

17. Subsequently, the Vehicle continued to pull to the right and furthermore developed an oil pan leak.

18. On June 4, 2019, Plaintiff took the Vehicle to nonparty Friendly Ford with the intention of repairing the oil pan leak and alignment issue under the Certified Pre-Owned Warranty

19. Friendly Ford fixed the oil pan leak under warranty, however, it refused to even look at the alignment issue. A Friendly Ford representative informed Plaintiff that the Vehicle had obviously been outfitted with an aftermarket lift kit and was therefore not eligible to be considered "Certified Pre-Owned."

20. When Plaintiff informed the representative that he had purchased the Vehicle from a Ford dealership advertising it as "Certified Pre-Owned," the representative showed Plaintiff a printout proving the Vehicle was not in Ford's Certified Pre-Owned database.

21. Concerned that he had been defrauded by Defendant, Plaintiff called Ford's corporate office and confirmed that the vehicle's VIN was not registered as "Certified Pre-Owned" and therefore was ineligible for the extended and additional warranties awarded under Ford's "Certified Pre-Owned" program.

22. Understandably upset, Plaintiff contacted Defendant and spoke to the Bell Ford general manager and explained the situation. Bell Ford offered to pay to fix the alignment issue, but offered no compensation to Plaintiff for having sold him a vehicle fraudulently advertised as "Certified Pre-Owned."

23. On July 25, 2019, Plaintiff took the Vehicle to nonparty 4-Wheel Parts, a Las Vegas auto shop.

24. 4-Wheel Parts performed an inspection of the Vehicle and informed Plaintiff that there were even more severe repair issues that needed to be addressed as soon as possible.

25. These issues included:

   a. The sector shaft on the steering box was out of spec.

   b. The driver side outer tie rod and wheel was out of spec.

26. Plaintiff was defrauded as the Vehicle's status as Certified Pre-Owned was a material condition of the purchase contract.

27. Plaintiff would not have traveled out-of-state to purchase the Vehicle had he known that the Vehicle was not Certified Pre-Owned.

### COUNT I: VIOLATIONS OF THE ARIZONA CONSUMER FRAUD ACT
### A.R.S. §§ 44-1522 to 44-1534

28. Plaintiff incorporates the foregoing paragraphs by reference.

29. Plaintiff hereby sues Defendant Bell Ford under the Arizona Consumer Fraud Act.

30. Plaintiff is a natural person within the meaning of A.R.S. §§ 44-1521(6).

31. Defendant Bell Ford is considered "a person" within the meaning of A.R.S. §§ 44-1521(6) because it is a business entity; therefore, Defendant can be sued under the Arizona Consumer Fraud Act.

32. The Ford vehicle referred to in this complaint is "merchandise" within the meaning of A.R.S. § 44-1521(5), because it is an object, ware, or good.

33. The service of replacing the engines is "merchandise" within the meaning of A.R.S.

§ 44-1521(5), because it is a service.

34. The servicing of the 2016 Ford F-250 from Ford to Plaintiff was in connection with misleading statements about the 2016 Ford F-250 from Bell Ford to Plaintiff within the meaning of A.R.S. § 44-1522(A).

35. A.R.S. §§ 44-1522 declares it unlawful to act, use or employ any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby.

36. Essentially, the representation made by Bell Ford to Plaintiff about the condition of the 2016 Ford F-250 was an act, use, or employment of deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation or concealment, suppression or omission of a material fact with intent that others rely on such concealment, suppression or omission, in connection with the services to the Ford in violation of the Arizona Consumer Fraud Act.

37. Defendant's conduct, as set forth above, including failing to disclose the vehicle's structural damage was a clear misrepresentation and false promise within the meaning of A.R.S. § 44-1522.

38. Plaintiff and other Arizona consumers rely on Bell Ford to honestly represent the

6

condition of its vehicles in discussing services necessary to repair the vehicle.

39. Bell Ford's use or employment of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission was in violation of A.R.S. § 44-1522.

40. Defendant's actions, policies and practices, as alleged herein, were intentional, willful, and implemented with reckless disregard in violation of the Arizona Consumer Fraud Act.

41. Plaintiff suffered emotional, and economic injury as a consequent and proximate result of Defendant's conduct in violation of the Arizona Consumer Fraud Act.

42. Because of Defendant's conduct, in violation of the Arizona Consumer Fraud Act, Plaintiff is entitled to recover actual and punitive damages from Defendant.

43. Pursuant to the Arizona Consumer Fraud Act, Plaintiff seeks monetary relief for damages based on Defendant's conduct in violation of the Arizona Consumer Fraud Actin an amount to be determined at trial.

**COUNT II: NEGLIGENT MISREPRESENATION**

44. Plaintiff incorporates the foregoing paragraphs by reference.

45. Plaintiff hereby sues Defendant for Negligent Misrepresentation.

46. In the course of servicing the Ford, Defendant falsely represented the vehicle's condition to Plaintiff.

7

47. Defendant intended for, or could reasonably foresee, that Plaintiff would rely on its representations provided by Defendant.

48. Defendant failed to exercise reasonable care in obtaining or communicating accurate information in connection with the servicing the Ford.

49. Plaintiff relied on the incorrect and incomplete information Defendant provided in the course of servicing the Ford.

50. Plaintiff's reliance on the information Defendant provided to him was justified.

51. Plaintiff's justified reliance on the incomplete and incorrect information from Defendant caused him harm.

52. For the harm caused by Defendant in connection with the servicing the Ford, Plaintiff is entitled to recover economic and non-economic damages in an amount to be determined at trial caused by his justified reliance on the incorrect and incomplete information Defendant gave to Plaintiff.

## COUNT III: FRAUDULENT MISREPRESENATION

53. Plaintiff incorporates the foregoing paragraphs by reference.

54. Defendant Bell Ford committed an act of fraudulent representation by knowingly misidentifying the vehicle as "Certified Pre-Owned."

55. "Under Arizona law, fraudulent misrepresentation requires a showing of 'a false material representation made with the speaker's knowledge of its falsity or ignorance of its truth and with the intent that it be acted upon by the listener; the listener's ignorance of its

falsity, reliance on its truth, and the right to rely on its truth; and consequent and proximate injury.' *Dillon v. Zeneca Corp.*, 42 P.3d 598, 603 (Ariz. Ct. App. 2002) (citing *Davis v. First Nat'l Bank of Arizona*, 605 P.2d 37 (Ariz. Ct. App. 1979))" *Sonoran Res., LLC v. Oroco Res. Corp.*, No. CV-13-01266-PHX-JJT, 2015 WL 11089497, at *9 (D. Ariz. Apr. 17, 2015).

56. Plaintiff had no reason to believe that Defendant Bell Ford was misleading him in falsely stating the vehicle was "Certified Pre-Owned."

57. Plaintiff, as a buyer, justifiably relied on Bell Ford's misrepresentation of the Vehicle's condition.

58. Bell Ford made the misrepresentation with knowledge of its falsity and to induce Plaintiff to buy the Vehicle.

59. As a result of Defendant's fraudulent misrepresentation, Plaintiff suffered actual and proximate damages including, but not limited to wasted time, stress and the cost of repairing the vehicle out-of-pocket rather than through a valid warranty.

60. Therefore, Plaintiff is "entitled to recover as damages in an action of deceit against the maker the pecuniary loss to him of which the misrepresentation is a legal cause, including:

61. (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and

62. (b) pecuniary loss suffered otherwise as a consequence of the recipient's reliance

upon the misrepresentation.

63. (2) The recipient of a fraudulent misrepresentation in a business transaction is also entitled to recover additional damages sufficient to give him the benefit of his contract with the maker, if these damages are proved with reasonable certainty." Restatement (Second) of Torts § 549 (1977).

### COUNT IV: VIOLATIONS OF THE U.C.C.; BREACH OF IMPLIED WARRANTY
### A.R.S. §§ 47-2314, *et al*.

64. Plaintiff incorporates the foregoing paragraphs by reference.

65. Under A.R.S. § 47-2314, an implied warranty of merchantability exists where the "seller is a merchant with respect to goods of that kind."

66. Additionally, an implied warranty that goods are fit for their purpose exists where a seller has reason to know that the buyer is "relying on the seller's skill or judgment to select or furnish suitable goods." A.R.S. § 47-2315.

67. Bell Ford is a car dealership. Bell Ford is undeniably a "merchant" of vehicles and automobile parts.

68. Bell Ford had reason to know that Plaintiff was relying upon Bell Ford's knowledge of automobiles and automobile repairs when it omitted the structural modifications on the vehicle. Further, Bell Ford had reason to know that Plaintiff was relying upon Bell Ford's knowledge of the vehicle being "Certified Pre-Owned."

69. A good is "merchantable" when it, at minimum, is "fit for the ordinary purposes for

which such goods are used" and can "pass without objection in the trade under the contract description." A.R.S. § 47-2314(B)(3); A.R.S. § 47-2314(B)(1).

70. Bell Ford breached the implied warranty by selling Plaintiff a vehicle as Certified Pre-Owned when it was not due to structural modifications.

71. A Certified Pre-Owned Warranty's "ordinary purpose" is to cover defects in a vehicle. A.R.S. § 47-2314(B)(3).

72. Plaintiff was unable to use his warranty to correct defects caused by omitted modifications because it was not actually a Certified Pre-Owned vehicle.

73. As such, it is unlikely that the modified vehicle could "pass without objection" in the automobile industry as Certified Pre-Owned. A.R.S. § 47-2314(B)(1).

74. As a result of Bell Ford's conduct, Plaintiff has spent an enormous amount of time trying to have his vehicle repaired. Additionally, Plaintiff has suffered from incredible stress and financial loss related to the defective vehicle.

75. As a result of Bell Ford's breach of implied warranty, Plaintiff is entitled to damages "resulting in the ordinary course of events from the seller's breach." A.R.S. § 47-2714.

76. Additionally, Plaintiff is entitled incidental and consequential damages pursuant to A.R.S. § 47-2715.

**COUNT V: VIOLATIONS OF THE U.C.C.; BREACH OF EXPRESS WARRANTY**
**A.R.S. §§ 47-23-13, *et al*.**

77. Plaintiff incorporates the foregoing paragraphs by reference.

78. Defendant breached an express warranty by telling Plaintiff that the vehicle was Certified Pre-Owned.

79. Under A.R.S. § 47-2313 an "express warranty" is created when a seller makes any affirmation of fact or promise to the buyer in relation to the goods being purchased as part of the bargaining process. A.R.S. § 47-2313(A)(1). "Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." A.R.S. § 47-2313(A)(2).

80. Bell Ford "made an affirmation" that the vehicle was Certified Pre-Owned, and all that goes along with that certification.

81. However, it is evident based on the undisclosed modifications that the vehicle was capable of being classified as a Certified Pre-Owned

82. As a result of Defendant's breach of express warranty, Plaintiff is entitled to damages "resulting in the ordinary course of events from the seller's breach." A.R.S. § 47-2714. Additionally, Plaintiff is entitled incidental and consequential damages pursuant to A.R.S. § 47-2715.

**COUNT VI: VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**
**15 U.S.C. ch. 50 § 2301, et seq**

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein at length.

84. Defendant is liable to Plaintiff for violations of the MMWA.

85. The MMWA defines an "implied warranty" as "arising under State law [] in

connection with the sale by a supplier of a consumer product." 15 U.S.C. § 2301(7).

86. The MMWA provides a private right of action in federal court where a merchant violates an implied warranty. 15 U.S.C. § 2310(d)(1)-(1)(a) ("[A] consumer who is damaged by the failure of a supplier…under…[an] implied warranty…may bring suit…in an appropriate district court of the United States…").

87. Therefore, Defendant's breach of the implied warranty of merchantability under A.R.S. § 47-2314 is a violation of the MMWA.

88. Defendant is liable for Plaintiff's actual damages as a result of its violation of the MMWA. 15 U.S.C. § 2310(d)(1) ("[A] consumer who is damaged by the failure of a supplier…under…[an] implied warranty…may bring suit…for damages and other legal and equitable relief…").

89. Defendant is further liable for Plaintiff's reasonable attorney's fees. 15 U.S.C. § 2310(d)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mason Rodriguez, prays that this Court enter Judgement in his favor and against Defendant Ford Motor Company, as follows:

A. An award of actual damages including any compensatory, incidental, or consequential damages commensurate with proof at trial for the acts complained of herein;

B. Equitable relief finding that the purchase contract was rendered voidable;

C. Punitive damages;

D. For pre- and post-judgment interest on any amounts awarded herein at the maximum lawful rate from the date of its rendition until paid in full;

E. For costs, interest and actual reasonable attorneys' fees pursuant to A.R.S. 12-341.01 and 15 U.S.C.§ 2310(d)(2); and

F. Any and all equitable relief and such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Arizona Rules of Civil Procedure, Plaintiff demands trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED this 20th day of March 2020.

By: */s/ Beth K. Findsen*
Beth K. Findsen (SBN: 023205)
**PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5575
E: beth@pricelawgroup.com

Chuck Panzarella, Esq. (SBN: 018552)
**CONSUMER ACTION LAW GROUP**
**Panzarella & Associates, PC**
One South Church Avenue, Suite 1200
Tucson, AZ 85701
(818) 254 -8413
Chuck@calgroup.org
T: (818) 254-8413

| | |
|---|---|
| 1 | E: Chuck@calgroup.org |
| 2 | |
| 3 | *Attorneys for Plaintiff*<br>*Mason Rodriguez* |